### Johnnie McKee v. The State.

No. 6884. Decided January 10, 1923.

**1.—Murder—Aggravated Assault—Continuance.**

Where, upon trial of murder and a conviction of aggravated assault, defendant's application for a continuance did not show proper diligence, the same was correctly overruled.

**2.—Same—Charge of Court—Manslaughter—Suspended Sentence.**

Where, upon trial of murder and a conviction of aggravated assault, appellant's objection to the refusal of the court to charge on manslaughter

and suspended sentence was properly overruled and there was no reversible error.

### 3.—Same—Self-Defense—Charge of Court—Serious Bodily Injury.

Where, upon trial of murder and a conviction of aggravated assault, defendant's rights were fully protected by the court in his main charge on self-defense, it was unnecessary to give the requested charge thereon, and the definition of serious bodily injury in the court's charge did not present reversible error.

### 4.—Same—Bills of Exception—Question and Answer Form.

This court has frequently held that where the form of the question is not objected to, bills of exception should be presented in narrative form, and the bill of exceptions will not be considered where the same are in question and answer form.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable George E. Hosey.

Appeal from a conviction of aggravated assault; penalty, eighteen months confinement in the county jail.

The opinion states the case.

*Baskin, Eastus & Greines,* for appellant.—Cited: Moore v. State, 237 S. W. Rep., 933.

*R. G. Storey,* Assistant Attorney General, and *Jesse M. Brown,* Criminal District Attorney, for the State.—On court's failure to charge on manslaughter: Ford v. State, 40 Texas Crim. Rep., 284; Dougherty v. State, 59 id., 471; Luster v. State, 63 id., 541; Lamb v. State, 169 S. W. Rep., 1158.

On question of charge on manslaughter: Moore v. State, 85 Texas Crim. Rep., 403.

On question of suspended sentence: Holland v. State, 79 Texas Crim. Rep., 529.

HAWKINS, JUDGE.—Upon trial under an indictment charging her with the murder of Albert Brown, appellant was convicted of aggravated assault, her punishment being assessed at eighteen months imprisonment in the county jail, from which this appeal is prosecuted.

Appellant and deceased were both negroes. The undisputed evidence shows that some four years prior to the homicide intimate criminal relations sprung up between the two which continued after appellant's marriage with another party. The theory of the defense, supported by testimony, was that some three years prior to the homicide appellant left Fort Worth on account of deceased's abuse by reason of jealousy engendered by her receiving attentions from other men; that appellant went to New Mexico where she remained for about three years. Upon her return to Fort Worth several months prior to the killing she claims deceased undertook to renew his former relations with her, and became incensed at her refusal and also

became jealous of the attention of other men toward her, and that on the occasion of the homicide he made an attack or threatened attack upon her with his fist, whereupon she stabbed him with a knife and killed him in self-defense. This theory was combatted by the State. Appellant admitted on her cross-examination that her husband was stationed in New Mexico as a soldier in the United States Army; that he had requested her to come there to be with him, and that she went in response to such request. The State further established that after her return to Forth Worth her relations with deceased were resumed. It was the State's theory that appellant became jealous of deceased on account of his attentions to another girl and that, without any hostile demonstration on his part at the time of the homicide, appellant killed him because of such jealousy.

The case was called for trial on October 17, 1921. Appellant filed a second application for continuance for a witness by whom she expected to prove abusive conduct toward her by deceased prior to the time she went to New Mexico. Process for this witness was not applied for until the 7th day of October, ten days before the trial. Waiving for the purpose of this discussion the materiality of this witness's testimony, we are impressed with the fact that appellant has failed to show diligence. We find from the record that the indictment was returned on June 22, 1921. The record fails to show when appellant was arrested, but does show the application under discussion to have been an application for a second continuance. This court is not advised in any way what became of the first application, nor when it was presented or acted upon. For aught this court knows to the contrary, the first application may have been for this same witness, and the continuance may have been granted to appellant upon that ground. No reason is shown why process was not taken out prior to the 7th day of October. In other words, before we could hold the action of the court erroneous this court would have to presume that appellant used proper diligence when the contrary is the rule. In the absence of a showing of diligence we must presume the action of the court upon the application was correct. In the present state of the record we are unable to say that diligence is shown, and therefore no error is presented by the action of the court in overruling the application.

The court declined to charge on manslaughter and having declined to so charge, also properly omitted a charge upon suspended sentence. Appellant makes complaint at this action of the court. We have been unable to discover in what manner the omission of the court to charge on manslaughter and suspended sentence, in the face of a verdict for an aggravated assault, could have in any way worked to the injury of appellant. Before any such conclusion could be reached we would have to assume that if the court had charged on manslaughter the jury not only would have found appellant guilty thereof, an offense

of higher grade than that of which she was convicted, but in addition thereto would have granted her a suspended sentence. This is going further than this court would be authorized to do under any circumstances. We are inclined to the view that if any error was committed by the court in refusing to charge on manslaughter it was an error against the State and one of which appellant, in view of the finding of the jury, cannot complain.

Appellant excepted to the court's charge upon self-defense and requested a special charge upon that subject. We deem it unnecessary to set out either the charge given or that refused. The principle embraced in the court's charge is the same as that contained in the special charge, the latter being only an elaboration. We believe appellant's rights were fully protected by the court in the main charge and that it was unnecessary to give the special charge requested. Complaint is made in connection with the court's charge upon self-defense of the definition embraced therein of what is meant by "serious bodily injury." The definition given in the charge is that "by serious bodily injury as used above is meant that the injury must be grave and not trivial; such an injury as gives rise to apprehension of danger to life, health or limb." The definition appears to be that stated by Mr. Branch in Section 1583 of his Ann. Penal Code, and deduced from the many cases collated under the Section referred to. We think the court committed no error in the adoption of the language used.

Bills of exception six, seven and eight cannot be considered. They are in question and answer form and consist of several pages each. We have so frequently held that where the form of the question is not being objected to that bills of exception should be presented in narrative form that we deem it unnecessary to discuss the matter further at this time, but cite only the following cases in which other authorities will be found collated. Reese v. State (No. 6806, opinion November 29, 1922), and Hickman v. State (No. 6890, opinion December 20, 1922).

Discovering no error in the record for which a reversal would be authorized, the judgment of the trial court is affirmed.

*Affirmed.*