James G. COX, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–13004.

Court of Criminal Appeals of Oklahoma.

April 19, 1961.

Cleon A. Summers, Muskogee, Okl., for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

James G. Cox, hereinafter referred to as defendant, was convicted in the County Court of Mayes County, Oklahoma, of the crime of aggravated assault and battery by a jury and sentenced to serve a term of 365 days in the County Jail of Mayes County and to pay a fine of $250. Judgment and sentence were entered accordingly and this appeal was perfected.

The defendant was charged, tried, and convicted under 21 O.S. (1957) § 646. The sole question raised on this appeal is whether there was sufficient evidence presented to the jury to warrant a conviction for aggravated assault and battery.

The facts as disclosed by the record reveal that the defendant resided in Mayes County, Oklahoma, on April 20, 1960, the day that the crime is alleged to have happened. The defendant lived with his three children, James Jr. Cox, Sherry Jean Cox, and Lorene Cox, and employed one Mae Basset, the person alleged to have been the victim of the aggravated assault and battery, as housekeeper. Her two children also resided at the defendant's home.

The testimony reveals that on the afternoon of April 20, 1960, the defendant returned home from work, and he and Mae Basset drank about one-half pint of whiskey. Mrs. Basset, feeling that the defendant had imbibed enough drink, removed the remaining liquor and concealed the same. When requested to produce the whiskey, she refused, and the defendant struck her several times. He struck her in the face and knocked her into the wall with such force as to cause her head to knock a hole in the sheet rock.

The defendant's daughter, Lorene Cox, testified that after the altercation occurred, Mrs. Basset experienced great difficulty in breathing, and that on the following day one Dr. Gwartney and two law enforcement officers of Mayes County came to the Cox home, where the doctor treated Mrs. Basset and the officers placed the defendant under arrest.

Mae Basset was called by the State and denied that any altercation took place in the Cox home on April 20, 1960, or that she had sustained any injury at the hand of the accused on or about that date. The defendant, however, testified that a scuffle took place on the date in question between he and Mrs. Basset. He stated that she fell over the arm of a chair on the day in question, and sustained an injury which made it difficult for her to breathe.

No medical testimony was presented on behalf of the State, but the testimony of Lorene Cox was corroborated by the two law enforcement officers mentioned above, and by Mae Basset's sister, Charlette Pipkins. This corroborative testimony was that Mae Basset experienced some difficulty in breathing, and her face was bruised, discolored, and swollen, when they saw her the day after the alleged altercation took place.

The aggravated assault and battery statute under which the defendant was charged was enacted in 1951 by our legisla-

**508**

ture. However, the Act was amended in 1957, and presently reads as follows:

"An assault and battery becomes aggravated when committed under any of the following circumstances:

"(1) When great bodily injury is inflicted upon the person assaulted;

"(2) When committed by a person of robust health or strength upon one who is aged or decrepit."

The result of the 1957 amendment changed the phrase "serious bodily injury" to its present wording of "great bodily injury." The statute as it now reads was construed in an opinion by Judge Nix in Herrington v. State, Okl.Cr., 352 P.2d 931, 933, wherein a Nebraska case, Hallett v. State, 109 Neb. 311, 190 N.W. 862, was cited with approval and quoted from as follows: "The term 'great bodily injury,' as employed in the Criminal Code is not susceptible of a precise definition, but implies an injury of a graver and more serious character than an ordinary battery." In the Herrington case, the injury consisted of a bruise, discoloration, and swelling, and although inflicted upon an infant of tender years, were deemed to be insufficient to constitute "great bodily injury." The injuries in the instant case were inflicted upon an adult woman who was apparently in good health. When viewed in the most favorable light to the State, the injuries in the instant case reveal nothing more than the results of a simple assault and battery. Such evidence was not sufficient to support a verdict of aggravated assault and battery.

The judgment and sentence is therefore modified to a sentence of 30 days in the county jail and a fine of $100, and as modified, the judgment is affirmed.

NIX, P. J., and BRETT, J., concur.