**Elmer Leander QUINN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15598.**

Court of Criminal Appeals of Oklahoma.

May 12, 1971.

Carroll Samara, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., James L. Gullett, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Elmer Leander Quinn, hereinafter referred to as defendant, was charged by information with the crime of Assault and Battery with a Dangerous Weapon with Intent to Do Great Bodily Harm (21 O.S., § 646), in the District Court of Oklahoma County, Case No. CRF–69–1172. Defendant was tried by a jury which returned a verdict finding him guilty of the lesser included offense of aggravated assault and battery (21 O.S., § 645), with punishment left to the court. Judgment and sentence was imposed on September 19, 1969, with punishment fixed at One (1) Year in the county jail.

Specifically, defendant was charged with firing a shotgun which injured Rosetta Quinn, sister-in-law of the defendant, on May 25, 1969. On that date between 10:00 and 11:00 A. M., defendant got into a fight over a pool game at the Savoy Club in Oklahoma City. The club manager, Willie Smith, became involved in the fight knocking defendant to the floor, choking and kicking him. Defendant fled the club and was picked up about four blocks away by his brother's daughter and driven home. Defendant testified he then decided to return to the club for his car which he had left behind, but fearing Smith he took a shotgun with him. Defendant's brother's daughter with another female then drove defendant, who was in the back seat, to the club.

Rosetta Quinn, defendant's sister-in-law, having been told of the fight, went to the club to get defendant and take him home. When she arrived, defendant was gone, but she parked next to his car and engaged in conversation outside the club with Smith and two police officers who had been summoned. Upon arriving at the club parking lot, defendant saw Smith, but not the others. Defendant testified he thought Smith was going after his car, but upon seeing defendant started after him. Defendant then fired his shotgun twice with pellets from the first blast striking Rosetta Quinn. Defendant said he intended to fire over the head of Smith and did not even see Rosetta. Rosetta said she did not see defendant, nor did she see who fired the gun. She further testified she and defendant were good friends with no bad feelings. One of the police officers testified he saw the gun fired from the passing vehicle, which he pursued and apprehended the defendant.

Defendant's single contention is that the offense charged "requires a specific intent to do great bodily harm," and he argues the "evidence will not support a finding of intent." In support, defendant cites Ryans v. State, Okl.Cr., 420 P.2d 556, to the ef-

**476**

fect that a defendant may explain his intent and deny the specific intent required to constitute the offense.

The state counters that the necessary intent is evidenced by defendant's leaving the club, securing his gun, returning to the club, and deliberately firing the gun twice.

Generally speaking, to constitute a crime the act must, except as otherwise provided by statute, be accompanied by a criminal intent on the part of the accused, or by such negligent and reckless conduct and indifference to the consequences of conduct as is regarded by the law as equivalent to a criminal intent. *22 C.J.S. Criminal Law § 29.* Not only does the evidence in this case prove defendant intentionally shot the gun, but defendant admits he wilfully and deliberately fired the shotgun. Thus, the jury had competent evidence before it from which it could fairly find the necessary criminal intent. There is a question as to whether defendant had the specific intent to do bodily harm to Rosetta Quinn.

■■■ The offense of aggravated assault and battery defined in 21 O.S.1961, § 646, is committed when "great bodily injury is inflicted upon the person assaulted." This is distinguishable from the specified further "intent to do bodily harm" to the person necessary to convict for assault and battery with a dangerous weapon with intent to do bodily harm defined in 21 O.S. 1961, § 645. We find the proof is competent to establish the infliction of great bodily injury by defendant, see *Cox v. State,* Okl.Cr., 361 P.2d 506, which is sufficient to support a verdict convicting for aggravated assault and battery. The criminal intent necessary to convict for aggravated assault and battery was proven. Whether defendant had the specific and additional intent to harm Rosetta Quinn is immaterial in view of the jury's verdict on the lesser offense not requiring this additional element.

Finding no reason to the contrary, the judgment and sentence is hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.