Jerry Lynn **AINSWORTH**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–16886.

Court of Criminal Appeals of Oklahoma.

Nov. 3, 1971.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Jerry Lynn Ainsworth, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Aggravated Assault and Battery. His punishment was fixed at six (6) months in the county jail and a fine of $500.00, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that Janet Turner had known the defendant for about six years, and that they were planning to get married. She testified that on March 6, 1971, she had a date with the defendant and he picked her up at 7:30 p. m. They went to various bars and joined a group who were celebrating a birthday party. Shortly before 12:00 o'clock p. m., they were at the Debonair Club, and Janet danced with one Bobby, wherein the defendant became jealous and left. Janet and Bobby were talking in the parking lot when the defendant appeared, struck her, and then engaged in a scuffle with Bobby. She and the defendant got in the car and the defendant struck her in the face, breaking her nose and jaw. She regained consciousness in the hospital, where she remembered remaining eleven days.

Officer Meek testified that he went to the Hillcrest Hospital about 1:45 a. m. on March 7, and observed Janet's physical condition. She was unconscious, had a laceration under her chin, bruised jaw, bruises on both arms and left leg, a lump on the back of her head, and was bleeding in the right ear. Meek had a conversation with the defendant concerning what had happened, and therein placed him under arrest for aggravated assault. After booking defendant in at the jail, Meek returned to the hospital and attempted to interview Janet. In response to some of his questions, she responded by nodding her head.

Officer Hill testified concerning taking pictures of the vehicle.

Michael LePatch, Janet's father, identified various articles of clothing that she was wearing on the night in question.

Dr. Blackwood testified that he was a surgeon and observed Janet at the Hillcrest Hospital about 6:00 o'clock a. m. the following morning. She was comatose and had multiple abrasions and hematomas of the face, scalp, arms, and legs.

Officer Christian testified that he interrogated the defendant about 9:00 o'clock a. m. on March 7, and after advising him of his Miranda rights, the defendant stated that he and Janet had attended a party and had gotten into an argument at the Debonair Lounge. In the car on the way home, he backhanded her and either bloodied her nose or cut her lip. She went to his apartment to change clothes. She was highly

intoxicated and tripped while undressing and fell to the floor becoming unconscious. He attempted to carry her to the car and dropped her twice. On a second interview, the defendant after being again advised of his Miranda rights, told Christian that they had become involved in another argument at his apartment and he grabbed her by the shoulders and her head struck the floor and made a sinking sound, and he thought that her skull had been crushed. He became frightened, picked her up, and again dropped her twice on the way to the car.

The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, 468 P.2d 805 (1970).

 The next proposition contends that the punishment is excessive. Suffice it to say from the foregoing statement of facts, we cannot conscientiously say that the punishment imposed shocks the conscience of this Court.

 The final proposition asserts matters raised in the defendant's motion for new trial, only one of which contains sufficient merit to warrant discussion in this opinion. The defendant correctly asserts that Officer Meek's testimony of Janet's responses to his questions put to her in the hospital is hearsay. The defendant candidly admits in his brief that, "but if hearsay their admission hardly seems significant." Officer Meek's testimony concerning her nodded responses conveyed in substance that (1) the defendant had beaten her up; (2) it did not take place in his apartment; and, (3) it took place in the car. We observe that the responses differ only in degree from Janet's sworn testimony, and de-

fendant's two inconsistent statements to Officer Christian. We, therefore, conclude that, although hearsay was improperly admitted, that the same does not constitute reversal error under such circumstances.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is accordingly affirmed.

BRETT, J., concurs.