Tom MORRIS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M-73-211.

Court of Criminal Appeals of Oklahoma.

Oct. 16, 1973.

Robert L. Gregory, Enid, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Tom Morris, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Garfield County, Case No. CRM–72–1212, for the offense of Aggravated Assault and Battery. His punishment was fixed at a fine of two hundred and fifty dollars ($250) and costs and a term of sixty (60) days in the county jail. From said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Jim Stallings, the complaining witness, testified that on December 7, 1972, he went to a nightclub operated by the defendant where he and the defendant played pool together. He could not recall a fight with the defendant, but someone struck him from the rear and he knew the defendant was behind him. As a result of the blow he received, he sustained injuries of a broken jaw, "a broken . . . Left side," (Tr. 7) and a puncture wound in the back of the head. He further testified that he had signed a motion to dismiss the charge against defendant, but the reason he signed the motion was that he did not want to miss a day of work.

Carol Stallings, complaining witness' wife, testified that on the morning of December 7, 1972, she spoke to Geneva Bowen on the telephone and Geneva Bowen requested that she come to the club and get her husband. She further testified that when she arrived at the club, she found her husband with his head bleeding and his jaw swollen. She then left the club with her husband and Geneva Bowen. They all three went to the Stallings' home, picked up Mrs. Stallings' son and took him to school and then returned to Geneva Bowen's home. They stayed at her home for approximately one hour after their arrival. Thereafter, Mrs. Stallings took her husband to the hospital.

Geneva Bowen, an employee of the club owned by the defendant, testified that on the morning of December 7, 1972, she was in the defendant's club. Jim Stallings was seated on a bar stool and defendant came up to the side of Jim Stallings, stating that he (Stallings) had threatened him with a pool cue and the defendant then knocked Jim Stallings off the stool. The defendant then "kind of shook him" (Stallings) then picked up Stallings and set him on a bar stool. The complaining witness sat on the bar stool for ten or fifteen minutes and at that time Mrs. Bowen called his wife, who came and picked him up in about thirty minutes.

Ray Pickle testified that he was Undersheriff for Garfield County on the morning of December 7, 1972, and that he interviewed the complaining witness at St. Mary's Hospital on that date..

Defendant did not take the stand nor offer any evidence in his own behalf.

The defendant's first proposition asserts that the trial court erred in overruling complaining witness' motion to dismiss. Title 22 O.S. 1971, §§ 1291 and 1292, state:

"When a defendant is held to answer on a charge of misdemeanor, for which the person by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided in the next section, except when it was committed:

1. By or upon an officer of justice while in the execution of the duties of his office.

2. Riotously; or,

3. With an intent to commit a felony." [§ 1291]

"If the party injured appear before the court to which the deposition and statement are required to be returned at any time before trial, on an indictment or information for the offense, and acknowledge in writing that he has received satisfaction for the injury, *the court may, in its discretion,* on payment of the costs incurred, order all proceedings to be stayed upon the prosecution and the defendant to be discharged therefrom. But in that case the reasons for the order must be set forth therein and entered upon the minutes." [§ 1292] (Emphasis added)

It therefore appears that under § 1292, supra, the trial court's action of granting or denying a complaining witness' motion to dismiss a misdemeanor is a discretionary matter and, therefore, will not be disturbed on appeal unless an abuse of discretion is shown. In the instant case, after carefully reviewing the entire record, we cannot say there was an abuse of discretion in the trial court's action of denying the complaining witness' motion to dismiss.

The defendant's second and third proposition will be discussed together. The defendant asserts under these two propositions that trial court committed error in overruling the defendant's demurrer to the State's evidence and in overruling the defendant's motion for a directed verdict. The defendant's argument is that the State failed to prove the defendant struck and beat the complaining witness with a club as alleged in the Information; that the State failed to prove the defendant inflicted grievous wounds and great bodily injury upon the complaining witness; and, that the State failed to prove any intent on the part of the defendant to do any harm.

The Information reads in part:

"Said defendant did unlawfully, wilfully and wrongfully commit an aggravated assault and battery upon the person of one Jimmy Stallings by then and there striking and beating him about the head and body with his hands and fists, and with a club held in the hand of said defendant with force and violence, and did thereby inflict grievous wounds and great bodily injury upon the body of the said Jimmy Stallings, with the unlawful intent to do him corporal hurt and great bodily injury."

In the case of Fowler v. State, Okl.Cr., 214 P. 738 (1923), this Court held in Syllabus 1:

"The state need do no more than to prove the substantive offense charged."

Title 21 O.S. 1971, §§ 642 and 646, state:

"A battery is any wilful and unlawful use of force or violence upon the person of another." [§ 642]

"An assault and battery becomes aggravated when committed under any of the following circumstances:

(1) When great bodily injury is inflicted upon the person assaulted;

(2) When committed by a person of robust health or strength upon one who is aged or decrepit." [§ 646]

■■ Although the State did not prove the defendant struck and beat the complaining witness with a club, we do not believe this was a material variance as the State did prove the defendant struck the complaining witness, knocking him off a bar stool. The record further reveals that the complaining witness received a broken jaw, a puncture in the back of his head, and a "broken left side," and as a result of these injuries, spent six or seven days in the hospital. We find this proof to sufficiently establish the infliction of great bodily injury by the defendant. See Ainsworth v. State, Okl.Cr., 490 P.2d 1372 (1971).

■ Last, we find the defendant's argument that the State failed to prove any intent is without merit. Specific intent is not an element of the crime of Aggravated Assault and Battery. See Quinn v. State, Okl.Cr., 485 P.2d 474 (1971). General intent of a crime is presumed from the criminal act itself. See Ryans v. State, Okl. Cr., 420 P.2d 556 (1966). For the foregoing reasons, we find the State did present sufficient evidence to prove the crime of Aggravated Assault and Battery. We therefore find no error in the trial court overruling defendant's demurrer to the evidence and motion for directed verdict.

It is our opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BLISS, P. J., and BRETT, J., concur.