The STATE of Oklahoma, Appellant,

v.

Freddy Daniel MADDEN, Appellee.

No. O-76-737.

Court of Criminal Appeals of Oklahoma.

April 15, 1977.

Preston A. Trimble, Dist. Atty., Michael P. Kane, Asst. Dist. Atty., for appellant.

Joel Barr, Cox & Barr, Norman, for appellee.

**PER CURIAM:**

Freddy Daniel Madden, hereinafter referred to as defendant, was charged by information in the District Court, Cleveland County, Case No. CRM–75–1323, with the misdemeanor offense of Aggravated Assault and Battery, in violation of 21 O.S. 1971, § 646(1). A motion was filed by the defendant challenging the constitutionality of 21 O.S.1971, § 646(1).

The trial on the merits was commenced before Judge Elvin J. Brown, sitting without a jury on the 10th day of March, 1976. All evidence was presented at that time. On the 14th day of June, 1976, Judge Brown issued a court minute acquitting the defendant holding as he did so the unconstitutionality of 21 O.S.1971, § 646(1). He also ruled that jeopardy had attached as to the lesser included offense of Assault and Battery and the court acquitted and discharged the defendant.

■ An appeal was lodged by the District Attorney of Cleveland County in this Court under the provisions of 22 O.S.Supp. 1975, § 1053.1:

"Any final judgment entered by a district court in a criminal action rendering an

act of the State Legislature to be unconstitutional shall be automatically appealed to the Court of Criminal Appeals, unless said act has been previously declared unconstitutional by said Court of Criminal Appeals. Such appeals shall be by the district attorney upon a reserved question of law."

This statute makes mandatory an appeal to this Court whenever a district court declares a criminal statute unconstitutional.

Today pursuant to the mandatory appeal under 22 O.S.Supp.1975, § 1053.1 we are asked whether the District Judge erred in construing 21 O.S.1971, § 646(1) as unconstitutionally void for vagueness and erred in granting the defendant's motion to set aside the information upon such construction.

It is clear that this appeal on a reserved question of law can only serve as a guideline for future cases. The court's acquittal of the defendant on June 14 bars further prosecution.

Turning first to the defendant's assertion that 21 O.S.1971, § 646(1) is unconstitutional, we find the trial court did err in declaring 21 O.S.1971, § 646(1) unconstitutional.

 The party attacking the statute has the burden of proof since the statutes are presumed to be constitutional. *Williamson v. State*, Okl.Cr., 463 P.2d 1004 (1969) and *Pugh v. State*, Okl.Cr., 416 P.2d 637 (1966). When reasonably possible, and within the bounds of legitimate construction, statutes should be construed as to uphold their constitutionality. *Ex Parte Arnett*, 93 Okl.Cr. 116, 225 P.2d 381 (1950).

This Court, in *Hayes v. Municipal Court of Oklahoma City*, Okl.Cr., 487 P.2d 974 (1971), stated in the First paragraph of the Syllabus:

"Legislation which creates and provides for the punishment of criminal offenses should be so clear and explicit that all persons of ordinary intelligence who are subject to these penalties may understand their provisions. No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes."

The defendant's allegation of unconstitutional vagueness is aimed only at Section 1 of 21 O.S.1971, § 646:

"An assault and battery becomes aggravated when committed under any of the following circumstances:

"(1) When great bodily injury is inflicted upon the person assaulted;"

 We expressly reject the claim that this statute is uncertain, vague and therefore unconstitutional. A statute to be "void for vagueness" means simply that criminal responsibility should not attach where one cannot reasonably understand that his contemplated conduct is proscribed. *United States v. Harriss*, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954) and *United States v. National Dairy Prod. Corp.*, 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963). In judging the sufficiency of a criminal statute, that statute must of necessity be examined in light of the conduct of which the defendant is charged. *Robinson v. United States*, 324 U.S. 282, 65 S.Ct. 666, 89 L.Ed. 944 (1945), and *United States v. National Dairy Prod. Corp.*, supra, at 372 U.S. 33, 83 S.Ct. 594.

 This statute is a proper legislative enactment aimed at a specific conduct the proscription of which is within the police power of the state. The statute, although drafted in a general nature, proscribes clearly the infliction of "great bodily injury" during an assault. We cannot agree with the proposition suggesting that men of ordinary intelligence would need to speculate as to the nature of "great bodily injury."

This language clearly apprises the public of both (a) what conduct will be deemed criminally punishable, and (b) the necessary conditions under which such conduct is lawful.

Thus, the term "great bodily injury" as found in 21 O.S.1971, § 646(1) is sufficiently clear to give notice to those persons potentially liable to its sanctions. Its meaning, when applied, adequately protects any ac-

cused from arbitrary capricious enforcement.

A criminal statute is only void when it is so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. *Connally v. General Construction Company*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). ". . . no one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids." *Lanzetta v. New Jersey*, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939).

In the case of *Herrington v. State*, Okl. Cr., 352 P.2d 931 (1960), this Court observing that our statute as worded was adopted from the State of Nebraska, cited the definition of "great bodily injury" from the leading Nebraska case, *Hallett v. State*, 109 Neb. 311, 190 N.W. 862:

> "The term 'great bodily injury,' as employed in the Criminal Code is not susceptible of a precise definition, but implies an injury of a graver or more serious character than an ordinary battery."

In *Cox v. State*, Okl.Cr., 361 P.2d 506 (1961), Judge Bussey reiterated this definition of great bodily harm which emanated from the *Hallett* case. Certainly the phrase "great bodily injury," need not be precisely defined since the phrase is one of common acceptance. Although the case did not involve 21 O.S.1971, § 646(1), directly, in *Roddie v. State*, 19 Okl.Cr. 63, 198 P. 342 (1921), the Court spoke to the issue before us today:

> "We think the better practice is for the courts not to attempt to define the words 'great personal injury' as used in the statute . . . These words and phrases define themselves and are used in their ordinary sense in common acceptance among the people, and need no explanation from the court in its charge to the jury."

We cannot say that the term "great bodily injury" is so vague and indefinite that defendant Madden could not have reasonably understood that responsibility would attach for his actions. We have consistently upheld the "great bodily injury" standard. In *Ainsworth v. State*, Okl.Cr., 490 P.2d 1372 (1971), the victim suffered a laceration, a broken jaw, and bruises. This Court sustained that conviction under the "great bodily injury" standard. Again in *Morris v. State*, Okl.Cr., 515 P.2d 266 (1973), we held that a broken jaw, a puncture in the head, and a hospital stay of several days constituted proof sufficient to establish "great bodily injury."

Furthermore, specific intent is not an element of aggravated assault and battery. See, *Quinn v. State*, Okl.Cr., 485 P.2d 474 (1966). General intent is presumed from the criminal act itself. *Ryans v. State*, Okl.Cr., 420 P.2d 556 (1966). Apparently, this was ignored by the trial court. Judge Brown in his court minute of June 14th, 1976, reasoned as follows:

> ". . . Herein, mens rea is treated as immaterial, the actual fact might be that one intended to use only that form reasonably calculated to make the victim's nose bleed or eye black, but if the victim inadvertently and unexpectantly started advancing instead of retreating so that the force of the blow intended to be light broke the nose or injured the eye, great bodily injury instead of slight would be unintentionally inflicted."

Clearly this pronouncement is in direct conflict with *Quinn*, and *Ryans*, demonstrating the faulty premise under which the statute was declared unconstitutional.

Like-worded statutes in other jurisdictions have not been spared this same constitutional attack. Reviewing a similarly phrased statute, the Indiana State Court of Appeals found that the phrase "great bodily harm" left no unconstitutional want of distinction from ordinary assault and battery. See, *Froedge v. State*, 249 Ind. 438, 233 N.E.2d 631 (1968).

The Indiana Supreme Court has defined "great bodily harm" as follows:

> "Great bodily harm defines itself and means great as distinguished from slight, trivial, minor or moderate harm, and as

such does not include mere bruises as are likely to be inflicted in a simple assault and battery under Ind.Ann.Stat. § 10–403 (Supp.1967) . . ." See *Froedge v. State,* supra.

In addition the State of Idaho has an aggravated assault and battery statute employing language similar to ours:

"An assault and battery committed under any of the following circumstances is aggravated: when without justification or excusable cause a person unlawfully commits an assault upon the person of another, either with or without a weapon, and thereby wounds or inflicts grievous bodily injury upon such person; when committed with a premeditated design and by the use of means calculated to inflict great bodily injury."

In *State v. Blacksten,* 86 Idaho 401, 387 P.2d 467 (1963), a defendant charged with aggravated assault and battery, was convicted. On appeal, he attacked the statute as void for uncertainty. The Supreme Court of Idaho, disagreeing with this assignment of error commented as follows:

"The use of the word 'grievous' indicates a legislative intent to describe an injury more serious than would result from simple battery."

Thus both the Idaho and Indiana statute with language substantially similar to ours have successfully withstood this same constitutional attack.

We now turn to the issue of double jeopardy. The Fifth Amendment to the United States Constitution prohibits putting any person twice in jeopardy of life or liberty. See, *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). A similar provision appearing in the Oklahoma Constitution is Art. II, Section 21. Although this provision only bars a prosecution for the same offense, the statutory provisions of 22 O.S.1971, § 522, specifically bar a subsequent prosecution after acquittal or conviction of any included offense or attempt to commit the offense. See, *Stevison v. State,* Okl.Cr., 449 P.2d 916 (1969).

Has jeopardy attached thus barring future prosecution of this defendant? As to a non-jury trial the rule is stated in *McCarthy v. Zerbst,* 85 F.2d 640 (10th Cir., 1936).

". . . where a case is tried to a court without a jury, jeopardy begins after accused has been indicted and arraigned, has pleaded, and the Court has begun to hear evidence."

See, *Hunter v. Wade,* 169 F.2d 973 (10 Cir. 1948); *Clawans v. Rives,* 70 App.D.C. 107, 104 F.2d 240 (1939). Wharton's Criminal Law, Vol. I, § 138.

▮ Here the defendant was arraigned on October 31, 1975, and had entered a plea of not guilty. A non-jury trial was held on March 10, 1976, with the court hearing evidence from both the defendant and the State. Although the court took the matter under advisement, all evidence was presented on March the 10th. The trial court, after taking matter under advisement, acquitted the defendant on June the 14th. That court minute reflects the following:

". . . defendant is acquitted and discharged and his bond exonerated . ."

Thus, jeopardy did attach and the constitutional prohibition against twice putting an accused in jeopardy for the same offense bars further trial of the defendant for aggravated assault and battery and any lesser included offense. See, *State v. Mazurek,* Okl.Cr., 546 P.2d 1327 (1976).

The State appealed this case on a reserved question of law. The trial court rendered its judgment of acquittal. Such a judgment is final and the defendant may not be subjected to further prosecution in this case. See, *State v. Waldrep,* 80 Okl.Cr. 230, 158 P.2d 368 (1945); *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1970).

We find no constitutional prohibition against 21 O.S.1971, § 646(1) and specifically reject the contention that it is void for uncertainty. Since the defendant cannot be retried for the reasons heretofore set forth, the order of the trial court sustaining defendant's motion and holding unconstitutional the statutes heretofore referred to, is REVERSED.