Gary Ray BEASLEY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–73.

Court of Criminal Appeals of Oklahoma.

June 2, 1982.

M. Jay Farber, Asst. Public Defender, Oklahoma County, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, Robert C. Smith, Jr., Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

On appeal from his conviction in Oklahoma County District Court, Case No. CRF–79–1587, of Aggravated Assault and Battery upon a Police Officer, After Former Conviction of a Felony, the appellant, in his sole assignment of error, argues that the evidence is insufficient to establish the element of aggravation required by 21 O.S. 1981, § 650.

Officer Terrill Lee Johnson testified that in the early morning hours of April 25, 1979, as he was obtaining personal information from the defendant, whom he had arrested and taken to jail, the defendant stood up and said, "to hell with this, I am getting out of here," and proceeded to walk briskly to an open door. In the scuffle that ensued, the defendant kicked Officer Johnson above his left ankle on the outside part of his leg. From the record before us, it appears that the single kick was the only blow that was exchanged. Johnson's leg was fractured and he has spent a great deal of time in hospitals. His original stay in a hospital was for eight (8) days, followed by a week and half at home in a cast. When the bone did not appear to be healing properly, surgery was required and screws were used to keep the bone in place; another week of hospitalization, a month and a half of bed rest and several weeks of further recuperation were required. Officer Johnson also related that additional surgery is needed, and at the time of trial, some six months after the incident, he was still rele-

gated to a "desk job" and could not perform his regular duties.

■ In construing our statute pertaining to aggravated assault and battery (21 O.S. 1981, § 646) we have consistently held that the term "great bodily injury" is not susceptible of a precise definition, but implies an injury of a graver and more serious character than an ordinary battery. See, *State v. Madden*, 562 P.2d 1177 (Okl.Cr. 1977); *Ainsworth v. State*, 490 P.2d 1372 (Okl.Cr.1971); and, *Cox v. State*, 361 P.2d 506 (Okl.Cr.1961).

■ The evidence relating to the nature of the injury inflicted upon Officer Johnson by the defendant amply supports the verdict of the jury. See, *Ainsworth*, supra; *McVicker v. State*, 437 P.2d 457 (Okl.Cr. 1968); and, *Ryans v. State*, 392 P.2d 501 (Okl.Cr.1964).

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P. J., and CORNISH, J., concurs.