**Michael Wayne MARSHALL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–383.**

Court of Criminal Appeals of Oklahoma.

June 2, 1982.

---

**16.** *Oliver v. Oklahoma Alcoholic Beverage Control Board*, Okl., 359 P.2d 183, 187–189 [1961].

Archibald Hill, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Gloyd McCoy, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

On appeal from his conviction in Comanche County District Court, Case No. CRF–80–123, of Aggravated Assault and Battery upon a Police Officer, the appellant, in his sole assignment of error, argues that the evidence was insufficient to establish the element of aggravation required by 21 O.S. 1981, § 650, in conjunction with 21 O.S. 1981, § 646.

On March 1, 1980, while attempting to serve an arrest warrant on the defendant's brother, Melvin, Officer Kenneth Stradley of the Lawton Police Department and the defendant became engaged in a fight. The officer received a blow to the face which resulted in a gash which bled profusely and required fifteen (15) stitches; further, he testified he had two busted teeth. With the assistance of two fellow officers, Stradley subdued the defendant and personally transported him to jail. Officer Stradley's injuries were treated at a hospital, but he stated that he was never admitted to it, although he did return to the hospital a couple of days later to have his stitches removed. No medical testimony was presented on behalf of the State.

Title 21 O.S.1981, § 646, reads as follows: An assault and battery becomes aggravated when committed under any of the following circumstances:

(1) When great bodily injury is inflicted upon the person assaulted;

(2) When committed by a person of robust health or strength upon one who is aged or decrepit.

The statute was construed in an opinion by Judge Nix in *Herrington v. State*, 352 P.2d 931 (Okl.Cr.1960), citing from a Nebraska case as follows:

The term 'great bodily injury,' as employed in the Criminal Code is not susceptible of a precise definition, but implies an injury of a graver or more serious character than an ordinary battery.

When viewed in the most favorable light to the State, the injuries in the instant case were not so egregious as to be the results of

anything more than a simple assault and battery. Such evidence was not sufficient to support a verdict of aggravated assault and battery. See, *Cox v. State*, 361 P.2d 506 (Okl.Cr.1961); and, *Minnix v. State*, 282 P.2d 772 (Okl.Cr.1955).

Accordingly, the judgment and sentence is modified from a term of two (2) years' imprisonment and a fine of one thousand dollars ($1,000) for Aggravated Assault and Battery upon a Police Officer, in violation of 21 O.S.1981, § 650, to a sentence of six (6) months' in the county jail and a fine of five hundred dollars ($500) for Assault and Battery upon a Police Officer, in violation of 21 O.S.1981, § 649, and as so MODIFIED, the judgment and sentence is AFFIRMED.

BRETT, P. J., concurs.

CORNISH, J., dissents.

CORNISH, Judge, dissenting:

I must respectfully dissent to the majority opinion that modifies appellant's sentence and fine. The jury was instructed on the lesser included offense under Section 649. There is ample evidence in the record to support the jury's verdict under § 646. Under these circumstances, it should not be the function of this Court to substitute our judgment over the will of the trier of fact.