Jerry "Skeets" MORRIS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–84–508.

Court of Criminal Appeals of Oklahoma.

Dec. 11, 1985.

**110**

Gordon Allen, Rodgers & Allen, Holdenville, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge.

The appellant, Jerry "Skeets" Morris, was convicted of one count of Aggravated Assault and Battery in the District Court of Hughes County, Case No. CRM–82–443, and sentenced to one year in the custody of the Hughes County Sheriff and a $250.00 fine. As to the second count, appellant was convicted of assault and battery and sentenced to thirty (30) days in the county jail and a $100.00 fine. Appellant appeals only his conviction for aggravated assault and battery. We modify the judgment and sentence of the District Court.

In the evening hours of December 15, 1982, the appellant entered the house of the prosecutrix without invitation, following an altercation at a local bar. Appellant went into the kitchen where he began beating one of the occupants. Upon hearing the commotion, Ms. Stevens, the prosecutrix, entered the kitchen. Appellant began to beat her. He knocked her down and then kicked her. Ms. Stevens retreated to the living room, followed by the appellant, who continued to strike her until he left the house.

As a result of the attack, Ms. Stevens suffered a black eye, a slightly swollen face, various other minor bruises and abrasions, and a cracked rib. The extent of Ms. Stevens' medical treatment was an x-ray series and pain pills. Ms. Stevens was not admitted to the hospital, but, rather, was treated and released.

In his only assignment of error, the appellant contends that the evidence failed to establish that the assault and battery caused "great bodily injury" to Ms. Stevens, so as to constitute aggravated assault and battery under 21 O.S. 1981, § 646. We agree. Assault and battery becomes aggravated "[w]hen great bodily injury is inflicted upon the person assaulted." *Id.* Although we have never given a precise definition to the term "great bodily injury," we have consistently held that the term implies an injury of a graver and more serious character than an ordinary battery. *Beasley v. State,* 646 P.2d 1 (Okl. Cr.1982). The cases which we have upheld a finding of "great bodily injury" involved injuries serious enough to require hospitalization and/or serious rehabilitative treatment. *See Beasley v. State, supra* (victim received fractured leg, underwent multiple surgeries, and spent a great deal of time in the hospital); *Morris v. State,* 515 P.2d 266 (Okl.Cr.1973) (broken jaw, puncture wound to back of the head, and "broken left side" required seven days of hospitalization); *Ryans v. State,* 392 P.2d 501 (Okl.Cr.1964) (victim suffered injuries requiring one week of hospitalization and a month of out-patient treatment; victim impaired with a limp and loss of memory). On the other hand, we have found insufficient evidence of "great bodily injury" when the injuries received did not either require hospitalization or substantial medical treatment. *See Cox v. State,* 361 P.2d 506 (Okl.Cr. 1961) (evidence showing victim suffered from bruises to the head and difficulty breathing held insufficient to show "great bodily injury"); *Herrington v. State,* 352 P.2d 931 (Okl.Cr.1960) (swollen and discolored eyelids and face held insufficient to

support verdict of aggravated assault and battery). *See also Minnix v. State,* 282 P.2d 772 (Okl.Cr.1955) (injuries requiring surgery to the lips did not constitute a "serious bodily injury" under the former aggravated assault statute, 21 O.S. 1951, § 646).

In this case, Ms. Stevens, as previously noted, received various minor bruises and abrasions to her body, as well as a cracked rib. She was treated for her injuries and released from a local hospital, which prescribed pain medication, and she apparently required no further treatment. We cannot, therefore, say that this constituted evidence of "great bodily injury" so as to support the verdict.

The judgment of guilty as to aggravated assault and battery is **MODIFIED** to assault and battery, and the sentence of one years' imprisonment and fine of $250.00 is **MODIFIED** to imprisonment for one month in the county jail, and a fine of $100.00.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is **AFFIRMED AS MODIFIED.**

BRETT, J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting.

I must dissent. The injuries inflicted were sufficiently serious to support the jury's verdict. I would affirm the judgment and sentence without modification.