Norma Ruth Pelts AYERS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16502.

Court of Criminal Appeals of Oklahoma.
April 21, 1971.

Don Anderson, Public Defender Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Norma Ruth Pelts Ayers, hereinafter referrred to as "defendant," plead guilty in the District Court of Oklahoma County to the offense of Grand Larceny; her punishment was fixed at five (5) years imprisonment and from said Judgment and Sentence a timely writ of certiorari has been filed in this Court.

The defendant was charged jointly with her husband and during the course of a jury trial the defendant was permitted to withdraw her plea of not guilty and entered a plea of guilty on January 18, 1971. The trial court thoroughly informed the defendant of her constitutional rights prior to accepting the plea. After hearing the State's recommendation for punishment, judgment and sentence was deferred to obtain a pre-sentencing report from the probation officer.

The case came on for further hearing on February 19, 1971, after receipt of the pre-sentencing report, a copy of which is not contained in the record. The defendant requested that the sentence be suspended in whole or in part and the State again recommended a sentence of five years. The Trial Court then stated at pages 14 and 15 of the transcript:

"THE COURT: Well, let me say this to you gentlemen. I made a little investigation on my own connected with this matter. I will just be frank with you, I felt that some consideration should be given in this matter. At the time, I knew the recommendation of the District Attorney was five years that she be sentenced to at that time and I wanted to be sure that the Court did the right thing. And after my investigation and after—I made several inquiries in this matter. You didn't know about it and the District Attorney didn't know about it. I felt kind of taken by this child. Now, I have found out that there are certain things in connection with my inquiries that indicate that she has not properly cared for these children. And in view of the fact that she ended up by taking the burden of this and the jury determined that her husband would take five years and she came in and tried to protect him and I am inclined to believe that both of them were together in this matter and I am inclined to believe that all the evidence that was introduced in that case was not exactly the truth. And under the circumstances, I feel that it is the duty of this Court to sentence this woman to a period of five years in the state penitentiary. That will be the judgment and sentence of this Court."

The Trial Court stated further at pages 20 and 21 of the transcript:

" * * * Now, let me say one further thing for the record in this case. With reference to a statement that I made that I had investigated and done some work with reference to this case. Let me state into the record that the father-in-law of this defendant came to my office and made a statement to me with reference to this case stating that he wanted to talk to me. Well, I talked to him briefly and he is the man that ended up by giving me the information which I did not voluntarily go out and seek for. And the information that was given to me with reference to this defendant and his own son who was a co-defendant of this defendant that that information was given to me and not at my request. So, that there will be some record in here as to exactly what happened in connection with this case and I did not request it and I understand that the attorney for the plaintiff did not request it, the State of Oklahoma, and Mr. Hyde as attorney for the defendant did not request it that he come to me and see me in this matter. I also understand that he did it on a voluntarily (sic) of his own free will and

not at the request of either of the defendants.

"MR. HYDE: May we further add, Your Honor, that neither the attorney for the State or the attorney for the defendant knew of the Court being approached by third parties.

"THE COURT: That is right. I had no knowledge what he was in here for at the time he came in."

The defendant does not allege that the plea of guilty was improperly entered but rather that the action of the Trial Court in hearing the unsworn testimony of the defendant's father-in-law out of Court and in absence of the State, the defendant and her counsel is contrary to the laws of this State.

We are of the opinion that the provisions of Title 22 Oklahoma Statutes prohibit a trial court from considering such communications with the defendant's father-in-law in assessing punishment. They provide as follows:

"§ 973. After a plea or verdict of guilty in a case where the extent of the punishment is left with the court, the court, upon the suggestion of either party that there are circumstances which may be properly taken into view, either in aggravation or mitigation of the punishment, may in its discretion hear the same summarily at a specified time and upon such notice to the adverse party as it may direct.

"§ 974. The circumstances must be presented by the testimony of witnesses examined in open court, except that when a witness is so sick or infirm as to be unable to attend, his deposition may be taken by a magistrate of the county out of court, at a specified time and place, upon such notice to the adverse party as the court may direct.

"§ 975. No affidavit or testimony, or representation of any kind, verbal or written, can be offered to or received by the court or member thereof in aggravation or mitigation of the punishment, except as provided in the last two sections."

We are of the opinion that the Trial Court did not intentionally let unsolicited, unsworn evidence affect the punishment imposed and is to be commended in displaying the highest judicial integrity in making a full and complete record.

It is therefore the order of the Court that the Judgment and Sentence is vacated and the cause is remanded for re-sentencing before a different Trial Court.

NIX and BRETT, JJ., concur.