Gary L. JAMES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-78-662.

Court of Criminal Appeals of Oklahoma.

Aug. 29, 1979.

Dennis L. Pope, Enid, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Kay Jacobs, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Gary L. James, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Garfield County, Case No. CRF–77–970, for the offense of Assault With a Dangerous Weapon, in violation of 21 O.S.1971, § 645. His punishment was fixed at six (6) months in the county jail. From said judgment and sentence, an appeal has been perfected to this Court.

Defendant asserts three assignments of error, only one of which we deem necessary to discuss in this opinion. That being the defendant's contention that the trial court committed fundamental error in giving the following instruction over his objection:

"You are instructed that to constitute the crime of assault and battery with a dangerous weapon, the intent alleged in the Information must be established, but direct and positive testimony is not necessary to prove the intent. Such intent may be inferred from the facts and circumstances shown by the evidence; and if you believe from the evidence beyond a reasonable doubt that the injury to the prosecuting witness was by the defendant inflicted deliberately and was likely to be attended with dangerous consequences, the intent requisite to make out the crime of assault and battery with a dangerous weapon will be presumed.

"Upon the other hand, you are instructed that if you entertain a reasonable doubt as to whether or not the defendant acted with such an intent at the time charged in the Information, you should resolve such doubt in the defendant's favor and acquit him." [Or. 39].

Defendant argues that the instruction denied him due process in that it seeks to impose a binding presumption of intent upon him. We agree that the instruction is improper. The statute, 21 O.S.1971, § 645, under which defendant was charged and convicted, provides as follows:

"Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without the intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five (5) years, or by imprisonment in a county jail not exceeding one (1) year."

We have previously held that one of the primary distinctions between the offenses of assault and battery with a dangerous weapon as defined in 21 O.S.1971, § 645 and aggravated assault and battery as defined in 21 O.S.1971, § 646 is the specific "intent to do bodily harm." Specific intent is not an element of aggravated assault and battery in that the general intent is presumed from the criminal act itself, but such proof of "intent to do bodily harm" is a necessary element of assault and battery with a dangerous weapon. See *Quinn v. State*, Okl.Cr., 485 P.2d 474 (1971), *Morris v. State*, Okl.Cr., 515 P.2d 266 (1973) and *State v. Madden*, Okl.Cr., 562 P.2d 1177 (1977).

The specific "intent to do bodily harm" must be proved by either direct or circumstantial evidence which might infer intent from the act done and is a question of fact to be determined by the jury. In speaking to this issue in *Vandiver v. State*, 97 Okl.Cr. 217, 261 P.2d 617, 625 (1953) we cited with approval *Thacker v. Commonwealth*, 134 Va. 767, 114 S.E. 504, 505, wherein the Court stated:

"When a statute makes an offense to consist of an act combined with a particular intent, that intent is just as necessary

to be proved as the act itself, and must be found as a matter of fact before a conviction can be had; and no intent in law or mere legal presumption, differing from the intent in fact, can be allowed to supply the place of the latter. *Roberts v. People*, 19 Mich. 401; *Maher v. People*, 10 Mich. 212, 81 Am.Dec. 781; 1 Whart. Crim.Law, § 316, *Vandermark v. People*, 47 Ill. 122; *Callahan v. State*, 21 Ohio St. 306; *Kunkle v. State*, 32 Ind. 220; *State v. Meadows*, 18 W.Va. 658; 3 Bish.New Crim.Proced. p. 1290; *Kinnebrew v. State*, 80 Ga. 232, 5 S.E. 56; *Lacefield v. State*, 34 Ark. 275, 36 Am.Rep. 8."

It was thus error for the trial court to give a binding instruction as to an essential element of the offense. See also *Payne v. State*, Okl.Cr., 435 P.2d 424 (1967), *Baledge v. State*, Okl.Cr., 536 P.2d 1329 (1975) and *United States v. Romano*, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965).

The cause is REVERSED and REMANDED.

CORNISH, P. J., and BRETT, J., concur.