Dennis Alan CHASTAIN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. C–84–267.

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1985.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

No response necessary from appellee.

## OPINION

BRETT, Judge:

Appellant, Dennis Alan Chastain, also known as Dennes Alan Chastain, entered a plea of guilty to Assault and Battery with a Dangerous Weapon (Motor Vehicle) in Marshall County District Court, Case No. CRF–82–104, on June 9, 1983. On January 27, 1984, an Order of Acceleration of Sentence was filed, and appellant was given a sentence of five years. Appellant filed a Motion to Withdraw Plea of Guilty on February 6, 1984, which was overruled by the trial court February 22, 1984. The Petition for Writ of Certiorari was filed with this Court in accordance with Section IV, Rules of the Court of Criminal Appeals.

Appellant contends that the trial court erred in accepting his guilty plea without determining if there was a factual basis for the plea. Appellant denied having the intent required for the crime charged under 21 O.S.Supp.1983, § 645. The requisite intent may be supplied by the culpable negligence of the defendant operating a motor vehicle while intoxicated. *Matin v. State*, 333 P.2d 585 (Okl.Cr.1958). *See also, Lott v. State*, 92 Okl.Cr. 324, 223 P.2d 147 (1950); *Beck v. State*, 73 Okl.Cr. 229, 119 P.2d 865 (1941). Appellant testified that he was intoxicated when he struck the victim with his truck, thus supplying the element of intent necessary for conviction, and providing the factual basis for the plea.

Appellant also claims that the procedure by which the trial court accepted appel-

lant's guilty plea violates the guidelines set down in *King v. State*, 553 P.2d 529 (Okl. Cr.1976). The trial judge mistakenly informed appellant that the maximum sentence possible under the crime charged was five years in the state penitentiary, when in fact, the maximum sentence is 10 years, under 21 O.S.Supp.1983, § 645. It is appellant's contention that due to this mistake he did not understand the serious nature of the crime charged, nor the consequences of his guilty plea.

■ Permitting withdrawal of a guilty plea is within the discretion of the trial court, and the burden is on the defendant to show that the guilty plea was entered through ignorance or inadvertance, influence or without deliberation, in violation of *King*, and that there is a defense that should be presented to a jury. *Elmore v. State*, 624 P.2d 78 (Okl.Cr.1981).

■ Appellant has offered no proof to show that his plea was due to failure to understand the consequences of his guilty plea.

Appellant offers only one defense which he feels should be presented to a jury, namely, his lack of intent. We have discussed this issue above, and find the defense of lack of intent to be wholly without merit.

For the foregoing reasons, the judgment of the trial court overruling appellant's Motion to Withdraw Guilty Plea is AFFIRMED.

PARKS, P.J., and BUSSEY, J., concur.