Michael Wayne **MARTIN**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–85–216.

Court of Criminal Appeals of Oklahoma.

June 22, 1987.

Frank L. Thompson, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Michael Wayne Martin, was tried by jury and convicted of Knowingly Concealing Stolen Property, in violation of 21 O.S.1981 § 1713, in Mays County District Court, Case No. CRF–83–122, before the Honorable William J. Whistler, District Judge. The jury recommended a sentence of one (1) year, with time suspended, and a $500 fine. The trial court sen-

tenced the appellant in accordance with the jury's recommendation, but did not suspend the sentence. We affirm.

David Lane went to a concert in Tulsa at 9:00 p.m. on November 4, 1983. He left the concert at approximately 10:00 p.m. to find his 1978 Ford pickup gone. He made a theft report the next day. The day after making the report, he was notified that his pickup had been found, stripped and burned, and was being held in the nearby town of Inola. On the same day that he identified the remains of his pickup, he saw parts of it on another pickup parked at a corner in Chouteau. Inquiries revealed that the pickup belonged to appellant. Appellant was arrested at the scene. Appellant testified in his own defense, stating that he purchased the parts from a man named "Mark," who worked at a salvage yard in Claremore. He said he traded the tires and wheels off his pickup and $200 in exchange for a set "Mark" had. He also paid "Mark" $300 for some fenders he later sold to his brother. Appellant also presented a witness who testified he was present when the deal for the tires was consummated.

Appellant first claims that the trial court erred by disregarding the suspended sentence recommended by the jury. He notes that his brother was convicted at the same time for the same offense and received the same sentence recommendation, but the brother's sentence was suspended. During their deliberations, the jury sent the judge a note that read: "Can we recommend a suspended sentence (1 yr.) and a $500 fine?" After argument by counsel, not made a part of the record, the court sent the jury the following note: "If the jury wishes to return a verdict in which it assesses a punishment involving a sentence of time to serve, it may *recommend* to the court that the sentence be suspended. *But the court is not necessarily bound by that recommendation.*" (emphasis added).

■ Clearly, it is not within the province of the jury to determine whether to suspend or defer a sentence, and there is no basis for the trial court to instruct the jury on such matters. *Neilson v. State*, 639 P.2d 615, 618 (Okl.Cr.1981), *cert. denied* 454 U.S. 1117, 102 S.Ct. 961, 71 L.Ed.2d 105 (1981). The decision to suspend or defer a sentence is often based on factors that would not be proper for the jury to consider. *Miller v. State*, 522 P.2d 642, 644 (Okl.Cr.1974). Such decision lies within the discretion of the trial court, whose ruling will not be overturned absent a showing of an abuse of that discretion. *Howell v. State*, 632 P.2d 1223, 1225 (Okl. Cr.1981). The trial court commented on the fact that the appellant was the oldest of the two brothers. The evidence indicated that the appellant was arguably the more culpable of the two. The trial court was in the better position to observe the conduct and general demeanor of appellant and his brother, both at sentencing and during trial. Appellant has presented no evidence to indicate that the decision was based on improper factors. In light of the circumstances of this case, counsel for appellant is admonished that appellant can return to the trial court within ten (10) days of this final order and request that the court reconsider its decision not to suspend the sentence. *See* 22 O.S.1981, § 994. This assignment of error is without merit.

■ Appellant next urges that his rights were violated when a tape recording of codefendant Steve Martin was introduced into evidence. He claims that after Steve Martin indicated he did not wish to answer any more questions, the interrogation continued. We note initially that if any rights were violated by continued questioning, those rights belonged to brother Steve, not appellant. The right of silence is personal in its nature, and cannot be vicariously asserted. *Plummer v. State*, 515 P.2d 256, 259 (Okl.Cr.1973); *Hill v. State*, 500 P.2d 1080, 1088–89 (Okl.Cr. 1972). *See also People v. Varnum*, 66 Cal.2d 808, 427 P.2d 772, 59 Cal.Rptr. 108 (1967), *cert. denied*, 390 U.S. 529, 88 S.Ct. 1208, 20 L.Ed.2d 86 (1968). However, even if the right were not personal, there would

be no error. On the recording in question, there was no confession. Indeed, an examination of the record reveals that brother Steve's story paralleled appellant's. We cannot say that appellant was prejudiced by admission of a tape recording that essentially supported his own defense. This assignment is without merit.

■ Appellant claims in his third proposition of error that the court erred in allowing testimony that he invoked his right against self-incrimination during interrogation. The statement in question drew no objection at trial and is therefore waived on appeal absent fundamental error. *Myers v. State*, 654 P.2d 1073, 1075 (Okl.Cr.1982); *Boomershine v. State*, 634 P.2d 1318, 1319 (Okl.Cr.1981). The remark surfaced during examination of one of the State's witnesses. After testifying that the appellant was read and understood his rights, the witness was asked if appellant was asked any questions, to which the witness replied: "Well he just—he came out and he said that there was not anything to talk about—that he got the parts Saturday afternoon in Inola from a man." We cannot interpret this statement as an invocation of the constitutional right to remain silent. Rather, when asked where he got the parts, appellant thought the explanation was simple: he got them from a man in Inola. We find no fundamental error. *See Robison v. State*, 677 P.2d 1080, 1084 (Okl.Cr.1984), *cert. denied*, 467 U.S. 1246, 104 S.Ct. 3524, 82 L.Ed.2d 831 (1984). This assignment is without merit.

■ In his fourth proposition, appellant claims that the trial court improperly excluded testimony concerning conversations he had with "Mark." We think the statements were properly excluded as hearsay evidence. Appellant's defense was that he bought the parts from a person named "Mark," with no knowledge that they were stolen. The conversation with "Mark" would support that theory. We see no indication that statements made out-of-court by "Mark" in talking with appellant were being offered in evidence for any reason other than to prove the truth of the matter asserted, and thus they were properly excluded as hearsay. *See* 12 O.S.1981 § 2801(3); *Nunley v. State*, 660 P.2d 1052, 1055 (Okl.Cr.1983), *cert. denied* 464 U.S. 867, 104 S.Ct. 205, 78 L.Ed.2d 179 (1983).

Appellant cites *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), for the proposition that the hearsay rule should not be mechanistically applied to defeat the ends of justice. There is no similarity between *Chambers* and this case. Although appellant was not allowed to testify about statements made by "Mike," he was allowed to testify as to the circumstances and events surrounding the transaction, and another witness testified that he was present when one of the deals with "Mike" was made. In short, appellant was allowed to present everything concerning the claimed transaction except the actual conversation.

■ In his next two assignments of error, appellant claims that the trial court improperly heard evidence outside the courtroom concerning sentencing, and that it improperly heard evidence during the sentencing hearing. The so-called "outside evidence" was an informal conversation between the judge and the district attorney. The transcript reveals that the judge said: "... it is my understanding from an earlier conversation with the District Attorney that at least he has some evidence that he wishes to present." The judge then noted that he did not know the extent to which he would consider the evidence, or even if he would consider it at all. From this it appears that the judge did not know what was going to be presented. Appellant's reliance on *Ayers v. State*, 484 P.2d 552 (Okl.Cr.1971), and *Castor v. State*, 499 P.2d 948 (Okl.Cr.1972), is misplaced. In those cases, the trial judge either conducted his own investigation or interviewed witnesses outside the courtroom. There is no evidence of that here. The decision to admit additional evidence during sentencing is within the discretion of the trial court.

*Williams v. State,* 321 P.2d 990, 993–994 (Okl.Cr.1958), *affirmed,* 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959). Our interpretation of 22 O.S. 1981 § 973 indicates that its dictates were satisfied: punishment was left to the discretion of the court; and a party—here, the district attorney—suggested a need for further evidence. The only notice to the adverse party required by the statute is that which the court may direct. Here, the testimony presented had to do with the amount of victim's compensation the defendants would be required to pay. No testimony was given concerning punishment. The appellant himself had the opportunity to testify as to punishment, but chose instead to testify only as to his financial status. We see no abuse of discretion in light of the circumstances.

For his last assignment of error, appellant claims that the trial court improperly admitted a confession of his brother, Steve Martin, in violation of the rule set forth in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Insofar as we have previously found that the out-of-court statements made by appellant's brother did not constitute a confession, as the statements did not inculpate the appellant, but rather corroborated appellant's story without admitting guilt, we find no *Bruton* error. *See Banks v. State,* 701 P.2d 418, 425 (Okl.Cr.1985). *See also United States v. Albert,* 773 F.2d 386, 388 (1st Cir.1985).

For the foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.