**Elmer Junior LUSTER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–406.**

Court of Criminal Appeals of Oklahoma.

Dec. 2, 1987.

Robert G. Brown, Brown & Breckinridge, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Patricia A. Flanagan, Legal Intern, Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Elmer Junior Luster, was tried by jury in Tulsa County District Court, Case No. CRF–83–2520, and convicted of Assault and Battery with a Dangerous Weapon (21 O.S. 1981 § 645), before the Honorable Margaret Lamm, District Judge. The jury set punishment at ten (10) years imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict. We reverse.

No transcript was submitted to this Court, but several facts were stipulated. Essentially, appellant drove his vehicle east in the westbound lanes of the Broken Arrow Expressway in Tulsa on May 18, 1983. Appellant's vehicle struck three vehicles, injuring all three drivers. Appellant had a blood alcohol content of 0.13. There was no evidence presented that appellant intentionally directed or propelled his vehicle toward any of the victims. Also stipulated by an order *nunc pro tunc* was that appel-

lant properly filed a motion to quash and a special demurrer, both of which were overruled by the trial court.

We agree with appellant that the motion to quash the information should have been granted. We hold that appellant was charged under the wrong statute, as the legislature had enacted 47 O.S.Supp.1983, § 11–904 to cover appellant's crime.

This Court is aware that it recently upheld a conviction of assault with a dangerous weapon in which a drunk driver was involved. *See Chastain v. State,* 706 P.2d 539 (Okla.Crim.App.1985). But upon further reflection and an examination of *Chastain* and the cases preceding it, we have concluded that its underlying rationale—culpable negligence can be substituted for intent—is no longer applicable. *Chastain* cites cases decided before the legislature passed a recent enactment specifically dealing with the crime of injuring someone while driving under the influence of an intoxicating beverage. The history of the rationale behind *Chastain,* combined with the passage of 47 O.S.Supp.1983, § 11–904, a statute that eliminates an intent requirement, convinces us that the charge of assault and battery with a dangerous weapon as defined at 21 O.S.1981, § 645, is no longer applicable to situations that involve driving a motor vehicle while intoxicated unless a specific intent can be shown. To that extent, *Chastain* and the cases cited therein are hereby overruled.

The *Chastain* line of cases in which culpable negligence can be substituted for intent when a drunk driver is involved in a personal injury accident trace their ancestry to *Lamb v. State,* 70 Okla.Crim. 236, 105 P.2d 799, 803, (1940). There, after generally discussing violations of traffic regulations, the Court said:

> [T]he commission of a misdemeanor in operating an automobile in the manner forbidden by [law] takes the place of and supplies the unlawful intent. 1 Bishop's Crim.Law (8th Ed.) § 313 et seq. It then becomes a question of fact whether or not defendant at the time was guilty of culpable negligence in operating an auto-

mobile upon the highway in violation of the law.

*Id.* Even a cursory examination of this passage on which over four decades of caselaw is based reveals a flaw in the logic, and is probably the reason the legislature enacted 47 O.S.Supp.1983, § 11–904, a statute designed to dispense with the "fiction" that one must use to punish a drunk driver with assault and battery with a dangerous weapon.

Drunk driving is an inexcusable crime. When it results in injuries but not death, it is only logical that a prosecutor would seek a higher conviction than driving while under the influence of an intoxicating beverage. Since there was no statute on the books specifically dealing with this offense, a logical place to turn was assault and battery with a dangerous weapon.

But "intent to do bodily harm" must be proved to convict a person of assault and battery with a dangerous weapon. That created a problem. It would be highly questionable to assert that a drunk driver, by the mere act of driving a car, had the intent to use his vehicle in such a manner.

To get around this problem, the courts created a "fiction": it was sufficient that the defendant did *something* illegal—here, operate a motor vehicle in an illegal manner. Once he did, that "substituted" for the intent required by statute.

The problem with this "fiction" is that it circumvents the dictates of the legislature. When the legislature enacted the statute dealing with assault and battery with a dangerous weapon, it required that there be an "intent to do bodily harm." As Judge Bussey said in *James v. State,* 599 P.2d 411, 412–13 (Okla.Crim.App.1979), a case that also dealt with assault and battery with a dangerous weapon:

> When a statute makes an offense to consist of an act combined with a particular intent, *that intent is just as necessary to be proved as the act itself,* and must be found as a matter of fact before a conviction can be had; *and no intent in law or mere legal presumption, differing from the intent in fact, can be*

*allowed to supply the place of the latter.*

*Id.* (citing *Thacker v. Commonwealth,* 134 Va. 767, 114 S.E. 504, 505 (1922)) (emphasis added).

Yet when the assault involves an automobile, the Court has essentially said that when intent is an essential element of the offense, that intent can be supplied if the defendant acted in a negligent manner. The better analysis would be to simply acknowledge that for some crimes intent is not needed and that recklessness or negligence will suffice. *See* 1 W. LaFave and A. Scott, *Substantive Criminal Law* 314 (1986). The legislature obviously recognized this problem and enacted 47 O.S. Supp.1983, § 11–904. At the time appellant was charged, that statute read:

> Any person who has a blood or breath alcohol concentration, as defined in Section 756 of Title 47 of the Oklahoma Statutes, of ten-hundredths (0.10) or more at the time of a test of such person's blood or breath administered within two (2) hours after the arrest of such person and is involved in a personal injury accident while driving or operating a motor vehicle within this state may be charged with a violation of this section. . . .

47 O.S.Supp.1983, § 11–904. The statute was amended in 1985 to more clearly define who could be charged under it, but the essence of the statute has remained the same. If (1) a person who is intoxicated (2) is operating a motor vehicle (3) and is involved in a personal injury accident, that person can be held criminally liable *regardless* of his intent. Or to put it another way, section 11–904 eliminated the intent requirement "fiction" that this Court developed to allow the State to charge drunk drivers for assault and battery with a dangerous weapon when injuries were involved.

On the other hand, the legislature has dictated that intent is required for assault and battery with a dangerous weapon. Negligence should not be defined in a way that elevates it to the level of, and as a substitute for, intent. *See* 1 LaFave & Scott, *supra.* To do that would be close to placing a binding presumption on the defendant—something that this Court would not permit in *James, supra.*

Since the legislature enacted a statute specifically designed to deal with this situation, it follows that it intended the statute to be used when applicable. It is a long established rule of statutory construction that a specific statute will govern over a statute dealing with more general matters. *In Re Cummings' Estate,* 196 Okla. 377, 165 P.2d 140, 142 (1946). *Holder v. State,* 556 P.2d 1049, 1053 (Okla.Crim.App.1976). Moreover, this Court has interpreted statutes under the motor vehicle title as precluding prosecution under the more general criminal statutes. For example, this Court has held that the negligent homicide provision in 47 O.S.1961, § 11–903 precluded prosecution for second degree manslaughter under 21 O.S.1961 § 716, when a motor vehicle is involved. *Atchley v. State,* 473 P.2d 286, 290 (Okla.Crim.App.1970).

This Court is aware that a first conviction under 47 O.S.Supp.1983 § 11–904 is a misdemeanor, punishable by not more than one (1) year in the county jail and a fine of not more than Two Thousand Five Hundred Dollars ($2,500). *Id.* However, the legislature must have been aware of the seriousness of the offense, and set the punishment it saw fit. This Court must abide by that decision.

In light of the foregoing discussion the following becomes evident. It is one thing when two statutes are applicable, and the State has a choice in deciding under which statute it wants to charge. *See Wilson v. State,* 649 P.2d 784, 786 (Okla.Crim.App. 1982). It is something entirely different when it picks a charge that is not applicable. Therefore, the motion to quash the information should have been sustained. This case is hereby REVERSED and REMANDED for proceedings consistent with this opinion.

BRETT, P.J., concurs.

BUSSEY, J., dissents.