Janet Pauline HUNTER, Petitioner,

v.

STATE of Oklahoma, Respondent.

No. C–89–479.

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1992.

ORDER GRANTING CERTIORARI AND AFFIRMING IN PART AND RE- VERSING IN PART DENIAL OF MO- TION TO WITHDRAW GUILTY PLEA

Janet Pauline Hunter, Petitioner, pled guilty to the crimes of Obtaining Cash by Bogus Check (21 O.S.1981, § 1541.2) and Delivery of a Controlled Dangerous Sub- stance, Cocaine (63 O.S.1981, 2–401) in Kay County District Court, Case Nos. CRF–87– 246 and CRF–87–288 respectively. When petitioner entered her pleas the trial court inadvertently misadvised her that the possi-

ble term of imprisonment for the bogus check charge was two (2) to ten (10) years imprisonment. In fact, the possible term of imprisonment on the charge is not more than ten (10) years imprisonment. The trial court then sentenced the petitioner to imprisonment for two (2) years on the bogus check charge, and twelve (12) years on the delivery of cocaine, four (4) years suspended with the sentences to run concurrently. Appellant filed a timely motion to withdraw guilty plea and intent to appeal.[1] The trial court denied petitioner's motion to withdraw guilty plea, and it is this denial which is before us.

■ We will first address the reversal and remand of the guilty plea to the bogus check charge. For the first time on appeal petitioner argues the plea was involuntary because the trial court incorrectly stated the length of possible sentence. This argument is waived, unless the error is fundamental, for it was raised for the first time on appeal.

A guilty plea is valid only if it is both knowing and voluntary. *King v. State*, 553 P.2d 529 (Okl.Cr.1976); *O'Campo v. State*, 778 P.2d 920 (Okl.Cr.1989). Therefore, a defendant who does not enter the plea knowingly and voluntarily must be allowed to withdraw it. This error is fundamental.

■ Because the plea cannot be entered into knowingly where the defendant is not aware of the possible sentence, this Court has imposed the duty on the trial court to advise a criminal defendant of the possible sentence prior to accepting a guilty plea. *See King*, 553 P.2d at 535. In the present case this was not done, for the Court misadvised the defendant. While this duty is placed squarely with the trial court, we are disturbed that when the trial court had some doubt as to the correct sentence, the prosecutor remained silent instead of providing the needed guidance. As officers of the Court, we would anticipate prosecutors

would know the sentence for the crime they are prosecuting. Finding fundamental error in the misstatement of the range of punishment, we reverse and remand CRF–87–246 to the district court with instructions to allow the petitioner to withdraw her guilty plea.

■ This case is distinguishable from *Chastain v. State*, 706 P.2d 539 (Okl.Cr. 1985) in which we found the misstatement of a maximum sentence did not warrant revocation of the guilty plea. In that case the trial court inadvertently misadvised the appellant the maximum sentence was five (5) years, and the court sentenced him to five (5) years. In fact the maximum sentence was ten (10) years. This error inured to the appellant's benefit. In the present case the possible sentence was not more than ten (10) years. The trial court inadvertently misadvised the appellant the minimum sentence was two (2) years, and sentenced the appellant to what he believed to be the minimum. Under these circumstances we cannot be sure beyond a reasonable doubt that the appellant was not harmed by the trial error. *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

At the sentencing hearing the State introduced a tape recording of a telephone conversation between the defendant and a police informant. The informant asked the defendant to sell him cocaine. The defendant stated she loved to use cocaine when she was alone, and that she had a supplier in Enid and would bring cocaine to the informant. As a result of this conversation she was stopped by police as she drove from her home in Enid to Ponca City where she was to meet the informant. No cocaine was found on her person or in her car. On appeal appellant argues she was not provided with notice that the State would seek to introduce this tape. The only evidence the appellant claims to be aware of was the Department of Corrections report which recommended probation.

1. At the 120 day review the sentencing court found the original sentence on the cocaine charge was unduly harsh and modified it to nine (9) years imprisonment with four (4) years suspended.

The controlling statute, 22 O.S.1981, § 973, provides:

> After a plea or verdict of guilty in a case where the extent of the punishment is left with the court, the court, upon the suggestion of either party that there are circumstances which may be properly taken into view, either in aggravation or mitigation of the punishment, may in its discretion hear the same summarily at a specified time and upon such notice to the adverse party as it may direct.

While this Court found in *Martin v. State*, 738 P.2d 1366, 1370 (Okl.Cr.1987) the "only notice to the adverse party required by the statute is that which the court may direct", we have not had occasion to examine when notice should be directed by the court.

The requirement of notice is left by the plain language of the statute to the sound discretion of the trial court. Abuse of trial court discretion is found where the court's decision is not supported by the law or the facts of the case. *Walker v. State*, 780 P.2d 1181 (Okl.Cr.1989). Therefore, in order to find an abuse of discretion, we must look to the facts of the case to see if notice was necessary, as the petitioner now argues on appeal.

■ At the sentencing hearing petitioner objected to the playing of the tape on the basis of hearsay. The trial court properly overruled this objection stating the rules of evidence do not apply to a sentencing hearing. *See* 12 O.S.1981, § 2103(B)(2). Defense counsel stated he had not heard the tape prior to its admission into evidence, but he did not object to the admission of the tape on the basis of lack of notice, and he did not request a continuance. He then immediately put the petitioner on the stand and she explained she did not intend to sell the informant cocaine, she intended to get money from him which he owed her mother. Defense counsel then called petitioner's mother as a witness and she also testified the informant owed her money. Under these circumstances we cannot say the trial court abused its discretion in not requiring notice

to the defendant of this tape recorded conversation.

■ Petitioner also argues the tape recorded telephone conversation is inadmissible under 22 O.S.1981, § 974. This argument is unavailing. Section 974 provides that during the sentencing hearing only live testimony in open court is admissible except that deposition testimony is admissible where a witness is too sick or infirm to attend. This section does not support the petitioner's argument for the tape recording was not of testimony, but was evidence properly admitted to show the petitioner's activity regarding cocaine subsequent to her guilty plea but prior to her sentencing.

■ In her final argument petitioner asserts the trial court failed to inquire sufficiently into her present mental competency prior to accepting her pleas. We have reviewed the transcript and find the inquiry sufficient to satisfy the requirements of *King, supra. See also O'Campo, supra.* We affirm the trial court denial of petitioner's motion to withdraw guilty plea to the charge of delivery of a controlled dangerous substance in CRF–87–288, and reverse and remand the denial of petitioner's motion to withdraw guilty plea to the charge of obtaining cash by bogus check in CRF–87–288.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
PRESIDING JUDGE

/s/ Tom Brett
TOM BRETT,
JUDGE

/s/ Ed Parks
ED PARKS,
JUDGE

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
JUDGE

/s/ Gary Lumpkin
GARY LUPKIN,
VICE PRESIDING JUDGE,
concur in part/
dissent in part.

LUMPKIN, Vice Presiding Judge, concurring in part, dissenting in part.

I concur with the Court's analysis of the use of the tape recorded conversations at

the sentencing hearing. However, I dissent to the Court's determination that the conviction for Obtaining Cash by Bogus Check in CRF–87–246 must be reversed and remanded with instructions to allow the Petitioner to withdraw her guilty plea.

Petitioner entered a "blind plea" to both charges, i.e. Obtaining Cash by Bogus Check and Delivery of a Controlled Dangerous Substance, Cocaine. A combined Petition to Enter a Plea of Guilty was completed, reviewed by the trial judge and filed in each case. The only agreement by the Petitioner and the State was that a presentence investigation would be conducted and presented to the trial judge prior to sentencing. The range of punishment for Delivery of a Controlled Dangerous Substance, Cocaine, was properly set forth in the Petition to Enter a Plea of Guilty as being from five (5) years to life imprisonment and a fine of not more than $100,-000.00. While the Petition cited the range of punishment for the Bogus Check charge as "0–7 years" the trial judge stated "I believe that carries from two (2) to ten (10) years?". (May 23, 1988, Tr. 5) The trial court accepted the pleas to each charge, ordered a presentence investigation and set the sentencing for July 6, 1988. At the conclusion of the Sentencing Hearing Judge Doggett sentenced Petitioner to 12 years, with all but 8 years suspended, on the Delivery of Cocaine offense, and 2 years on the Bogus Check offense and ordered it to run concurrent with the 12 year sentence. While some error exists, the record does not reveal it had any effect on the free and voluntary plea entered by Petitioner. She was represented by a very able attorney, the sentence on the Bogus Check charge was minimal, and the 2 year sentence was ordered to run concurrent with the 12 year sentence given in the Delivery of Cocaine offense. At most, the error in this case was harmless and cannot be said to constitute fundamental error.